# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD JAY DEMPSEY,

        Plaintiff,

v.                                       Case No:   6:21-cv-1763-PGB-LHP

BREVARD COUNTY, FLORIDA,
JOHN VAUGHN and WAYNE IVEY,

        Defendants

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AN ORDER BY FEDERAL RULE 37(a)(4) TO COMPEL SHERIFF IVEY FOR EVASIVE AND INCOMPLETE ANSWERS TO HIS INTERROGATORIES (Doc. No. 64)** |
| **FILED:** | **February 21, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I.      BACKGROUND

On October 21, 2021, Plaintiff Richard Jay Dempsey, proceeding *pro se*, filed the above-styled case against Defendants Brevard County, Florida and Sheriff Deputy John Vaughn, asserting claims under 42 U.S.C. § 1983.   Doc. No. 1.   The original complaint was dismissed without prejudice with leave to file an amended pleading.   Doc. No. 38.   *See also* Doc. No. 32.   Plaintiff timely-filed his amended complaint on April 21, 2022, adding a third Defendant – Brevard County Sheriff Wayne Ivey – and again asserting claims under 42 U.S.C. § 1983, along with state law claims for malicious prosecution and assault and battery.   Doc. No. 43.   The Court dismissed the amended complaint without prejudice, and provided Plaintiff leave to file a second amended complaint.   Doc. No. 57.   *See also* Doc. No. 54.   The operative pleading is Plaintiff's second amended complaint – filed on November 28, 2022 – which asserts claims against the same three Defendants under 42 U.S.C. § 1983.   Doc. No. 58.   Plaintiff also seeks a declaration that a section of Brevard County's Home Rule Charter be declared unconstitutional.   *Id.*   Defendants have moved to dismiss the second amended complaint, and that motion remains pending as of the date of this Order.   Doc. No. 61.   In addition, discovery closes in this case on May 1, 2023.   Doc. No. 68.

According to the present motion, Plaintiff served interrogatories on Defendant Sheriff Wayne Ivey ("Sheriff Ivey") on January 9, 2023.   Doc. No. 64.

Sheriff Ivey served his sworn responses on Plaintiff on February 10, 2023.   Doc. No. 64-1.   Plaintiff takes issue with Sheriff Ivey's general objections, as well as his objections and responses to Interrogatories 2, 4, and 5, and requests an order compelling Sheriff Ivey to answer these Interrogatories in full.   Doc. No. 64, at 2. Plaintiff contends that he needs answers to these Interrogatories because he "is searching for the name of the witness he intends for trial and the defendant is trying to obfuscate the truth.   Plaintiff has the right by Fed. Procedure 26(b)(1) to discover . . . the identity and location of persons having knowledge of any discoverable matter."   *Id.*, at 2-3.   In response, Sheriff Ivey states that he "maintains his responses and objections" and requests that Plaintiff's motion be denied.   Doc. No. 65, at 1-2.

## II.    LEGAL STANDARD

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible."   *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citing Fed. R. Civ. P. 26(b)(1)).   To this end, the Federal Rules of Civil Procedure provide that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Information

within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).  The scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement."  *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) (citations omitted).  "The proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant."  *Creative Touch Interiors, Inc. v. Nicholson*, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015) (citation omitted).

When the discovery requests seek relevant information, the responding party has the burden of showing that the discovery is improper, unreasonable, or burdensome.  The responding party "must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden."  *Wagner v. Viacost.com*, No. 06-81113-CIV, 2007 WL 1879914, at *1 (S.D. Fla. June 29, 2007).

III.   **ANALYSIS**

Plaintiff first requests that Sheriff Ivey's general objections be overruled. Doc. No. 64, at 1.   Sheriff Ivey does not address this issue in his response.   Doc. No. 65.   "General objections to discovery requests as a whole are not proper."   *Doe v. Rollins Coll.*, No. 6:18-cv-1069-Orl-37KRS, 2019 WL 11703980, at *1 (M.D. Fla. Feb. 27, 2019).   Rather, "[g]eneral or blanket objections should be used only when they apply to every [discovery request at issue.]"   *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 21, 2006) (citation omitted). "Otherwise, [s]pecific objections should be matched to specific interrogatories or requests for production."   *Id.* (citation and quotation marks omitted).   *See also* Fed. R. Civ. P. 34(b)(2)(B) (the response to each request for production must state that inspection will be permitted and documents produced or state an objection to the request including the reasons for the objection).   As such, "objections that are simply made as general blanket objections will be overruled by the Court."   *Desoto Health & Rehab, L.L.C. v. Phila. Indem. Ins. Co.*, No. 2:09-cv-599-FtM-99SPC, 2010 WL 2330286, at *1 (M.D. Fla. June 10, 2010).   Accordingly, the Court grants Plaintiff's request to overrule the general objections, but denies his request for an admonishment and/or referral to the Florida Bar.

Interrogatory # 2 states "Did you read the letter I mailed to you on March 7, 2020?   If so please attach a copy of the letter in your answer?"   Sheriff Ivey's

- 5 -

response, in its entirety, is "Objection, vague and unknown as to what letter is being referenced."   Doc. No. 64-1, at 2.   In his response in opposition, Sheriff Ivey reasserts that it is "not known what letter is being referenced," and then, for the first time, attempts to argue that "there does not appear to be any relevance to this interrogatory in the context of this case."   Doc. No. 65, at 1-2.

Upon review, Plaintiff's motion to compel as to Interrogatory # 2 will be granted.   To begin, Sheriff Ivey's response of "objection, vague and unknown" is a classic impermissible boilerplate objection.   *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (citation omitted) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court.").   *See also Asphalt Paving Sys., Inc. v. General Combustion Corp.*, No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate objections.").   The Court further finds Sheriff Ivey's response unpersuasive – it is clear to the Court exactly what letter Plaintiff is referring to – a letter from Plaintiff Richard Jay Dempsey to Sheriff Ivey dated March 7, 2020.   The Court is at a loss as

to what other details Sheriff Ivey requires.   Thus, Sheriff Ivey's objections are

overruled, and Sheriff Ivey will be directed to respond to Interrogatory # 2 in full.[1]

Interrogatory # 4 states "Did you read the Amended Complaint that you

were served with?"   And Sheriff Ivey's response is "Objection, irrelevant as the

Amended Complaint has been dismissed."   Doc. No. 64-1.   In his response, Sheriff

Ivey stands by his relevancy objection, but then appears to be admitting that he has

read the Amended Complaint, given that a motion to dismiss was filed, and that all

filings are addressed by Sheriff Ivey's counsel.   Doc. No. 65, at 2.

The Court again reminds Sheriff Ivey that an attempt to assert additional

objections or responses in an opposition to a motion to compel is both impermissible

and unpersuasive, and has not been considered further.   Nevertheless, upon

review of the motion to compel, the Court finds that Plaintiff has not demonstrated

---

[1] Sheriff Ivey's attempt in his response to insert a relevancy objection is also unpersuasive.   *See* Doc. No. 65, at 1-2.   Aside from the fact that this relevancy objection is itself vague, boilerplate, and without explanation, Sheriff Ivey never raised this objection in his response to the interrogatory, and he therefore cannot raise it now.   *See Ortiz v. Pin UPS of Daytona Beach, LLC*, No. 6:19-cv-1644-Orl-37LRH, 2020 WL 10456853, at *4 (M.D. Fla. July 31, 2020).   *See also Harvard v. Inch*, No: 4:19cv212-MW/CAS, 2020 WL 701990, at *3 (N.D. Fla. Feb. 7, 2020) ("[B]y raising objections for the first time in their response, Defendants have waived them." (citing *Socas v. Nw. Mut. Life Ins. Co.*, No. 07-20336-CIV, 2008 WL 619322, *6 (S.D. Fla. Mar. 4, 2008) (finding that Plaintiff "waived the argument by mentioning it for the first time in her response to the instant motion to compel and failing to timely raise it as an objection to Northwestern's original request for production."))); *Siddiq*, 2011 WL 6936485, at *3 (finding that a party that does not assert objections to discovery within time permitted waives objections "and is precluded from asserting objections in response to a motion to compel").

the relevancy of this interrogatory.   *See Creative Touch*, 2015 WL 5952986, at \*2.   It appears that Plaintiff is arguing that if Sheriff Ivey read the Amended Complaint, he would have learned from that pleading the alleged actions of Deputy Vaughn, and whether or not Sheriff Ivey disciplined Deputy Vaughn "would be discoverable from that point in time."   Doc. No. 64, at 2.   However, Plaintiff provides no legal authority for the proposition that Sheriff Ivey could be liable under 42 U.S.C. § 1983 for failure to discipline Deputy Vaughn based solely on information that Sheriff Ivey would have learned from Plaintiff's Amended Complaint – a pleading that was filed some three years after the incident that forms the basis of this litigation.   *See, e.g.*, *Pellegrino v. Wengert*, 703 F. App'x 892 (11th Cir. 2017) (discussing § 1983 claims for failure to discipline, supervise and/or train where alleged notice to the Sheriff occurred years prior to the incident in question).   And in any event, the fact that a motion to dismiss was filed by Sheriff Ivey's counsel demonstrates that the Amended Complaint was read.   Accordingly, the Court sustains Sheriff Ivey's relevancy objection, and this portion of Plaintiff's motion to compel will be denied.

Last, Interrogatory # 5 states "Please state the name of your corporal deputy who came to Barefoot Bay to speak and explain the County Ordinances regulating golf carts and EVs? (he did an excellent job but your deputies on patrol still did not write tickets for the golf carts and evs that illegally ride on the ped-way and the sidewalk on Micco road.)."   Sheriff Ivey's response in full is "Objection, vague and

seeking irrelevant information not proportional to the needs of this case."   Doc. No. 64-1, at 3.

Sheriff Ivey's objections are again boilerplate and therefore overruled.   *See Siddiq*, 2011 WL 6936485, at *3; *Asphalt Paving Sys.*, 2016 WL 3167712, at *2.   His attempt to provide post hoc explanations for these boilerplate objections is also not well taken and will not be considered further.   *See Lorenzano v. Sys., Inc.*, No. 6:17-cv-422-Orl-37DCI, 2018 WL 3827635, at *3 (M.D. Fla. Jan. 24, 2018) ("Finally, the Court will not rely on Systems' post hoc justifications for its boilerplate objections. To the extent that Systems tried to raise specific objections in its Response, the Court finds that Systems waived these objections."); *Moss v. GEICO Indem. Co.*, No. 5:10-cv-104-Oc-10TBS, 2012 WL 682450, at *3 (M.D. Fla. Mar. 2, 2012) (finding that the defendant waived its specific objection by raising the objection for the first time in its memorandum in opposition to the motion to compel).   And in the absence of any objection, Plaintiff's motion to compel will be granted as to Interrogatory # 5 – Sheriff Ivey has not provided any explanation as to why he is unable to identify the deputy, given that Plaintiff has identified the location and the subject matter.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel (Doc. No. 64) is **GRANTED IN PART AND DENIED IN PART**.   Within **fourteen (14) days** from the date of this Order, Sheriff Ivey shall serve on Plaintiff complete, sworn answers

to Interrogatories 2 and 5.   *See* Doc. No. 64-1.   All general objections, and all

specific objections to Interrogatories 2 and 5, are overruled.   In all other respects,

the motion to compel (Doc. No. 64) is **DENIED**.[2]

   **DONE** and **ORDERED** in Orlando, Florida on March 6, 2023.

LESLIE HOFFMAN PRICE<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

 [2] Plaintiff does not request an award of fees and costs or any other relief in his motion, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time.