# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RICHARD JAY DEMPSEY,**

       **Plaintiff,**

**v.**                                       **Case No: 6:21-cv-1763-PGB-LHP**

**JOHN VAUGHN,**

       **Defendant.**
_____/

## ORDER

This cause comes before the Court on Defendant John Vaughn's ("**Defendant**") Motion for Final Summary Judgment (Doc. 77 (the "**Motion**")), Plaintiff Richard Jay Dempsey's ("**Plaintiff**") Response to Deny Defendant's Motion for Final Summary Judgment (Doc. 82 (the "**Response**")), and Defendant's Reply thereto (Doc. 86 (the "**Reply**")). Magistrate Judge Leslie Hoffman Price issued a Report recommending that this Court grant Defendant's Motion. (Doc. 91 (the "**Report**")). Plaintiff timely filed his objections. (Docs. 92, 93, 94 (the "**Objection**")). Upon consideration, the Court finds the Report is due to be adopted and confirmed, and Defendant's Motion is due to be granted.

**I.    BACKGROUND**

The procedural and factual background as set forth in the Report are hereby adopted and made a part of this Order. (*See* Doc. 91, pp. 1–4, 7–15).

## II.   STANDARDS OF REVIEW

### A.   Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" to support

its position that it is entitled to summary judgment. FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials." FED. R. CIV. P. 56(c)(3).

A genuine dispute of material fact is one from which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "[a] mere scintilla of evidence in support of the non-movant is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249–50 (11th Cir. 2004) (citing *Anderson*, 477 U.S. at 247). To defeat a motion for summary judgment, the non-moving party must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The Court must draw all reasonable inferences in favor of the non-moving party but may disregard assertions that are "blatantly contradicted" by record evidence, such as videotape. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

### C. *Pro se* Pleadings

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Although courts show leniency to *pro se* litigants, courts "will not serve as de facto

counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).[1] *Pro se* litigants are still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

## III.   DISCUSSION

In the Report, Magistrate Judge Hoffman Price recommended that the Court grant Defendant's Motion and enter judgment in favor of Defendant and against Plaintiff. (Doc. 91, p. 35). Upon *de novo* review, and after considering Plaintiff's Objection, the Court agrees with the findings and conclusions in the Report.

Overall, Plaintiff's Objection merely strings together sporadic factual allegations, the majority of which are "[f]rivolous, conclusive, or general." (*See generally* Doc. 92); *Schultz*, 565 F.3d at 1361 (citation omitted). The relevance and impact of these factual allegations on Magistrate Judge Hoffman Price's legal analysis remains unclear. (*See* Doc. 92).[2] Accordingly, Plaintiff's Objection does

---

[1]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1354 n.7 (11th Cir. 2007).

[2]   Simply put, the Court is unable to fully decipher the specific grounds upon which Plaintiff objects. *See, e.g.*, *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.").

4

not identify an adequate basis for this Court to overrule the Report. Nonetheless, the Court will address those objections that are relevant, specific, and decipherable below.[3]

### A. Plaintiff's Obstruction

In analyzing the undisputed material facts in the light most favorable to Plaintiff, Magistrate Judge Hoffman Price found that Plaintiff obstructed or resisted Defendant from exercising his lawful duties in violation of Florida Statute § 843.02. (*See* Doc. 91, pp. 22–33). Plaintiff objects that a "fact in dispute is obstruction." (Doc. 92, p. 7). To support this, Plaintiff simply reiterates various allegations regarding his conduct during the investigation. (*See id.* at pp. 3, 7).

However, in his Objection, Plaintiff still fails to "present affirmative evidence to show that a genuine issue of material fact exists." (*See id.*); *Porter*, 461 F.3d at 1320. Although Plaintiff relies on Mr. Curtis' affidavit to assert his factual allegations, the Court agrees with the Report's finding that even taking Mr. Curtis'

---

[3] The Court notes that Plaintiff's Objection appears to center on his argument that "[t]he Magistrate erred because there is no debate because Vaughn lied about the material facts in his [Vaughns] probable cause affidavit and a constitutional violation occurred." (*See* Doc. 92, pp. 2–3 (citation omitted)). For clarity, the Court construes Plaintiff's Objection into the categories addressed herein. (*Id.*); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). With regard to objections not addressed herein, Plaintiff fails to pinpoint any specific findings in the Report and address the legal principles and reasoning with which he disagrees. (*See* Doc. 92). As such, the Court is wholly unable to decipher the remaining grounds upon which Plaintiff objects. Accordingly, the Court declines to address such objections.

affidavit as true, it "does not create a material issue of fact sufficient to defeat summary judgment." (Doc. 92, p. 7; Doc. 91, p. 28).[4]

As such, the Court agrees with Magistrate Judge Hoffman Price's aforementioned analysis and finding regarding Plaintiff's obstruction. (*See* Doc. 91, pp. 22–33).

B. **Florida Statute Violations**

Pursuant to the probable cause affidavit, and as stated in the Report, Defendant arrested Plaintiff for violations of Florida Statute § 843.02, "Resist Officer WO Viol," and Florida Statute § 856.011, "Disorderly Intox – Miscellaneous." (*See* Doc. 91, p. 11 (citing Doc. 79-1)). In his Objection, Plaintiff argues that the "Florida Statute does not contain brawling and fighting interfering with traffic. The state attorney committed a fraud by puting [sic] that in when the information was filed." (Doc. 92, p. 2). It appears Plaintiff is objecting to Florida Statute § 877.03 as a charged count in the Information for Plaintiff's criminal case, *State of Florida v. Richard Jay Dempsey*, Case No. 052019MM023551AXXXXX. (*See id.*; *see* Doc. 82, pp. 30–31).

Here, Plaintiff's 42 U.S.C. § 1983 claim for false arrest is based on Plaintiff's allegations that Defendant made false statements in the probable cause affidavit. (*See* Doc. 58, pp. 5–6). Accordingly, Magistrate Judge Hoffman Price correctly

---

[4] The Court further highlights that Mr. Curtis' affidavit fails to address any of the facts related to obstruction that Plaintiff argues are in dispute. (*See* Doc. 85; Doc. 91, p. 28; Doc. 92, pp. 3, 7).

analyzed whether Defendant had probable cause to arrest Plaintiff pursuant to Florida Statute § 843.02, one of the stated charges in the probable cause affidavit. (*See* Doc. 91, pp. 22–33; Doc. 79-1); *Stachel v. City of Cape Canaveral*, 51 F. Supp. 2d 1326, 1331 (M.D. Fla. 1999) ("The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead we focus on the validity of the arrest. If there is probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails." (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995))).

Thus, considering Plaintiff's § 1983 claim for false arrest centers on the charges that Plaintiff was arrested for, Plaintiff's objection to Florida Statute § 877.03—as a charged count in the post-arrest Information—is not relevant to the analysis at hand. Consequently, Plaintiff's objection regarding Florida Statute § 877.03 does not identify an adequate basis for this Court to overrule the Report.

    **C.    Factual Objections**

In the Report, Magistrate Judge Hoffman Price thoroughly addressed Plaintiff's various factual arguments from his Response. (*See generally* Doc. 91). Plaintiff reasserts several of these factual arguments in his Objection.[5]

First, Plaintiff merely rehashes his perspective on how the subject incident unfolded, without supporting evidence and without addressing its specificity or

---

[5] Specifically, Plaintiff objects that he "never ran into their [the Roughton's] golf cart." (Doc. 92, pp. 1, 3–4). Plaintiff also objects as to his specific location during Defendant's investigation and arrest of Plaintiff. (*Id.* at pp. 2–3, 5–8). Finally, Plaintiff objects that he was not "there" to make contact with or to be separated from the Roughtons as provided in the probable cause affidavit. (*Id.* at pp. 2–3).

7

impact on the analysis at hand.[6] Second, Magistrate Judge Hoffman Price already exhausted analysis of these arguments and concluded that there was insufficient evidence to establish Plaintiff's claim of false arrest.[7]

Accordingly, without more, Plaintiff's factually based objections do not identify an adequate basis to overrule the Report.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection (Docs. 92, 93, 94) to the Report is **OVERRULED**;

2. Magistrate Judge Hoffman Price's Report and Recommendation (Doc. 91), filed on October 3, 2023, is **ADOPTED** and **CONFIRMED** and made a part of this Order;

3. Defendant's Motion for Final Summary Judgment (Doc. 77) is **GRANTED**; and

4. The Clerk is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff, terminate any other pending matters, and close the file.

---

[6] *See id.*

[7] The Report thoroughly and correctly addressed the aforementioned factual arguments. (*See* Doc. 91, pp. 12 n.6, 23 (discussing Plaintiff ramming into the golf cart); *see id.* at pp. 25–26, 29–30 (discussing Plaintiff's location); *see id.* at pp. 29–30 (discussing Plaintiff's interpretation of "contact" and "separation")).

8

**DONE AND ORDERED** in Orlando, Florida on December 18, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties